Enrique Garcia **JIMENEZ**; et al., Petitioners,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 07–71437.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2008.*

Filed April 22, 2008.

Enrique Garcia Jimenez, Los Angeles, CA, pro se.

Gudelia Garcia Montano, Los Angeles, CA, pro se.

Ivonne Garcia Montano, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Carol Federighi, Esq., Kristin K. Edison, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, FISHER and PAEZ, Circuit Judges.

## MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order dismissing petitioners' appeal of the Immigration Judge's ("IJ") denial of their applications for cancellation of removal for lack of a qualifying relative and the BIA's denial of their two motions to reopen filed during the pendency of the appeal with the BIA.

A review of the administrative record demonstrates that petitioners have presented no evidence that petitioners have a qualifying relative for purposes of cancellation of removal as defined in 8 U.S.C. § 1229b(b)(1)(D). *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093–94 (9th Cir. 2002). The BIA therefore correctly concluded that, as a matter of law, petitioners were ineligible for cancellation of removal.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). To the extent petitioners challenge the BIA's denial of their first motion to reopen for protection under the Convention Against Torture, the BIA did not abuse its discretion. Petitioners have not met their burden of presenting a prima facie case for reopening because the first motion to reopen does not present any

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

changes that have occurred in Mexico that are material to them or their circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Kamalthas v. INS,* 251 F.3d 1279 (9th Cir.2001). Also, five of the nine background documents submitted with the first motion to reopen are dated prior to the IJ's decision and therefore do not constitute new evidence. *See* 8 C.F.R. § 1003.2(c)(1).

The regulations state that a party may file only one motion to reopen. *See* 8 C.F.R. § 1003.2(c)(2). Therefore, the BIA did not abuse its discretion in denying petitioners' second motion to reopen as barred by numerical limitations.

Accordingly, respondent's unopposed motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.